Case 1:21-cr-00277-TWP-TAB   Document 213   Filed 07/26/24   Page 1 of 4 PageID #: 904

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America </br> v. </br> BRANDON VIDAL </br></br> Date of Original Judgment: 01/25/2023 </br> Date of Previous Amended Judgment: </br> *(Use Date of Last Amended Judgment if Any)* | Case No: 1:21-CR-00277-TWP-TAB-003 </br></br> USM No: 65301-509 </br></br> Kathryn Y. Dinardo (former) </br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
 ☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  01/25/2023  shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 7/26/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00277-TWP-TAB |
| | ) | |
| BRANDON VIDAL, | ) | -003 |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on Defendant Brandon Vidal's ("Mr. Vidal") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 209).[1] Mr. Vidal was convicted of Distribution of 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1), and received a sentence of 120 months' imprisonment (Dkt. 152 at 2). He seeks a reduction of his sentence pursuant to Part B to Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Mr. Vidal is ineligible for reduction because, although Part B to Amendment 821 is applicable to him, he is ineligible for a sentence reduction because his 120-month sentence is a mandatory minimum (Dkt. 211).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for

---

[1] The Indiana Federal Community Defender filed a Notice of Appearance to represent Mr. Vidal (Dkt. 204). Counsel was later granted leave to withdraw (Dkt. 208).

resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Mr. Vidal is ineligible for a sentence reduction because his sentence is the minimum allowed pursuant to the statute under which he was convicted. *See* U.S.S.G. § 1B1.10(a)(2)(B). In Part B, the Sentencing Commission added a two-level offense level reduction for certain offenders with zero criminal history points under the new U.S.S.G. § 4C1.1. Although this change has the effect of lowering Mr. Vidal's offense level from 31 to 29, it does not change the mandatory minimum sentence of 120 months that the Court was required to impose under 21 U.S.C. § 841(b)(1)(A).[2]

Because Mr. Vidal's sentence is the minimum sentence mandated by statute, he is not eligible for resentencing. *See* § 1B1.10(a)(2)(B). The Court will therefore not proceed to step two under *Dillon*, though the Court commends Mr. Vidal for his diligent efforts toward his personal and professional growth while in custody and sincerely hopes those efforts continue.

For the reasons explained above, Mr. Vidal's Motion for Reduction of Sentence (Dkt. 209) is **DENIED**. Mr. Vidal's total Criminal History Points of 0 and Criminal History Category of I remain **unchanged**.

**SO ORDERED**.

---

[2] The Government did not file a motion to reflect Mr. Vidal's substantial assistance to authorities, so the Court did not have authority to impose a sentence below the required minimum sentence. *See* U.S.S.G. § 1B1.10(c).

Date: 7/26/2024

*[Signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

BRANDON VIDAL
Register No. 65301-509
FCI TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN   47808

3